WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil M. Heggem,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>    Defendant. | No. CV-13-02218-PHX-JAT<br><br>**ORDER** |

   Pending before the Court is Plaintiff Neil M. Heggem's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 33). The Court now rules on the motion.

**I. Background**

   On June 24, 2013, an Administrative Law Judge ("ALJ") denied Plaintiff's request for social security benefits. (Doc. 13 at 1). The Social Security Appeals Council denied review of the ALJ's decision on August 31, 2013. (*Id.*) After Plaintiff filed an appeal for judicial review of the ALJ's decision, this Court affirmed the ALJ's decision. (Doc. 24). On March 23, 2015, Plaintiff filed an appeal in the United States Court of Appeals for the Ninth Circuit challenging this Court's affirmance of the ALJ's decision. (Doc. 26). On June 1, 2016, the Ninth Circuit reversed and remanded for supplemental proceedings upon the Commissioner's request for voluntary remand. (Doc. 30).

**II. Legal Standard**

   The Ninth Circuit has succinctly stated the legal standard for an award of

attorneys' fees under the EAJA as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

When awarding attorneys' fees under the EAJA, the Court should reimburse the prevailing party only for those fees which are reasonably expended by that party's counsel. *See* 28 U.S.C. § 2412(d)(2)(A). The prevailing party bears the burden of proving the reasonableness of his request through sufficiently detailed accounts of hours expended on particular tasks so that the Court can evaluate his application. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 846 (9th Cir. 2012) ("A fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably expended." (quotation omitted)). Generally, if the Court reduces a fee application it must provide a reason, however, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

### III. Analysis

Because the Commissioner concedes that her position was not substantially justified, *see* (Doc. 34 at 1), Plaintiff is entitled to an award of his reasonable attorneys' fees pursuant to the EAJA.

As to the reasonableness of Plaintiff's fee request, the Commissioner argues that Plaintiff should only be reimbursed for fees related to legal work and not fees involving clerical or secretarial work. (Doc. 34). The Commissioner identifies several instances in Plaintiff's itemized statement of attorney hours in which Plaintiff's counsel billed for "filing and docketing pleadings, receiving and/or reviewing notices or standard orders, and filing extensions of time." (*Id.* at 3). The Commissioner further points out that Plaintiff's counsel "block billed" on multiple occasions, "making it difficult to evaluate the reasonableness of the time entries on their face." (*Id.*) As a result, the Commissioner requests that Plaintiff's fee application be reduced "by at least $665.00 to account for clerical time that cannot be billed at an attorney rate." (*Id.* at 3–4).

In reply, Plaintiff asserts that the Commissioner's opposition to his motion for attorneys' fees "is a waste of judicial resources" and suggests that the Court "should not opt to get involved in such minutia." (Doc. 37 at 2). Plaintiff posits—without citing to any legal authority—that his "EAJA petition should have proceeded unopposed simply due to the amount in controversy." (*Id.*) Accordingly, Plaintiff refused to "go into detail over every line item put in issue by the agency" because doing so would "not [be] a good use of the Court's time." (*Id.*) Plaintiff also postulates that "[f]ull briefing [on a motion for attorneys' fees under the EAJA] is not a good use of resources, and the lack of full briefing is not a reflection of a lack of merit." (*Id.* at 3). Ultimately, Plaintiff contends that should the Court reduce the amount of requested fees, it should "split the disputed amount between the parties" rather than "combing the record." (*Id.*)

Notwithstanding Plaintiff's advice to the contrary, the Court "combed through the record" as is required for all fee applications brought pursuant to the EAJA. *See, e.g.*, *Hensley*, 461 U.S. at 433 (stating that a district court has an independent duty to

determine whether an attorneys' fee award is reasonable); *Moreno*, 534 F.3d at 1111 ("A district court . . . awards only the fee that it deems reasonable."). This task was not as daunting as Plaintiff inferred, as the relevant portion of the record—Plaintiff's itemized statement of attorney hours—is a mere three pages long. *See* (Doc. 33-1 at 5–7).

Plaintiff bears the burden of establishing that his attorneys' fees request is reasonable and does not include work that cannot be billed at an attorney rate. Here, the Court agrees with the Commissioner that Plaintiff's counsel billed for non-attorney clerical work on several occasions. For example, Plaintiff's counsel appeared to bill for "prepar[ing] and fil[ing]" every document Plaintiff filed in this case. *See* (Doc. 33-1 at 5–7). Such work is not compensable at an attorney's rate of billing. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (finding that clerical and secretarial tasks are non-legal work and are not compensable under attorney rates); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that when clerical tasks such as filing, transcript, and document organization "are billed at hourly rates, the court should reduce the hours requested to account for the billing errors"). Unfortunately, due to Plaintiff's counsel's block billing, the Court is unable to determine exactly how much time counsel spent on each task. As the billed services span years 2013, 2014, 2015, and 2016, the Court in its discretion will subtract 0.2 hours for each 2013 and 2016 and 1.0 hour for each 2014 and 2015. *See Neil*, 495 F. App'x at 847 (finding that district court acted within its discretion when it reduced the plaintiff's fee award by 0.3 hours for an entry "that was vague and inadequately explained" and approving the district court's 10% reduction for an entry that was block billed).[1] As a result, the Court will subtract 2.4 hours from Plaintiff's fee application and will award Plaintiff his attorneys' fees for 67.0 hours of attorney time.[2]

---

[1] The Court reduced a different amount per year because of the amount of billing entries for each year. The bulk of counsel's billing entries occurred in 2014 and 2015.

[2] The Court finds that Plaintiff is entitled to the cost-of-living adjustment to the statutory hourly rate pursuant to the EAJA and *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005).  Thus, Plaintiff will be awarded $12,733.82 based on his counsel's 3.0 hours of work in 2013 at $187.02 per hour, 31.2 hours in 2014 at $190.06

IV. **Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act, (Doc. 33), is **GRANTED** in the amount of $12,733.82. This award shall be made payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Dated this 8th day of August, 2016.

James A. Teilborg
Senior United States District Judge

---

per hour, 31.6 hours during 2015 at $190.28 per hour, and 1.2 hours during the first half of 2016 at $191.70 per hour. *See* United States Courts for the Ninth Circuit, Equal Access to Justice Act–Rates, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 8, 2016).